UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

NICHOLE ABBOTT,

                              Plaintiff,

v.

                                Case # 15-CV-6487-FPG

                                DISMISSAL ORDER

NANCY A. BERRYHILL,
DEPUTY COMMISSIONER OF OPERATIONS,
performing the duties and functions not reserved
to the Commissioner of Social Security,

                              Defendant.

## INTRODUCTION

On August 14, 2015, Plaintiff Nichole Abbott, then represented by counsel, brought this action against the Acting Commissioner of Social Security and moved to proceed *in forma pauperis*. ECF Nos. 1, 2. For the reasons that follow, this case is hereby DISMISSED.

## BACKGROUND

The Court granted Plaintiff's *in forma pauperis* motion on September 2, 2015, and the Clerk of Court issued the Summons on November 16, 2015. ECF Nos. 3, 4, 5. Because there was no indication that Plaintiff caused the Summons and Complaint to be served on Defendant, on December 22, 2016, the Court ordered Plaintiff to show cause why this case should not be dismissed under Federal Rule of Civil Procedure 4(m) for failing to timely effect service. ECF No. 6.

After the Court issued the Order to Show Cause, it learned that Plaintiff's attorney could not retain the case and found that "good cause" existed pursuant to Local Rule of Civil Procedure 83.2(d)(1) to permit the attorney to withdraw from the case. ECF No. 7. The Court informed

Plaintiff that if she retained new counsel that attorney must file a Notice of Appearance, and if no such Notice was filed then the Court would assume that Plaintiff would be proceeding *pro se*. *Id.*

The Court extended the time limit for service pursuant to Rule 4(m) to August 25, 2017, and directed the Clerk of Court to cause the United States Marshal to serve copies of the Summons and Complaint upon Defendant. *Id.* On August 10, 2017, the United States Marshal performed service, and on October 30, 2017, the Commissioner filed the transcript. ECF Nos. 8, 9, 12.

Pursuant to Local Rule of Civil Procedure 5.5, dispositive motions from both parties were due by December 29, 2017, *i.e.*, within 60 days of the filing of the administrative transcript. *See* Loc. R. Civ. P. 5.5(c).[1] On December 14, 2017, the Commissioner timely filed her brief. ECF No. 14. Plaintiff, however, did not file a dispositive motion or otherwise communicate with the Court.

Accordingly, on February 23, 2018, the Court ordered Plaintiff to show cause in writing by March 23, 2018 why this case should not be dismissed for failure to adhere to the dispositive motion deadline. ECF No. 15; *see* Loc. R. Civ. P. 41(b) (providing that, if a civil case has been pending for more than six months and is not in compliance with the Court's directions, the Court may order the parties to show cause within 30 days why the case should not be dismissed as a result of that noncompliance). Despite the Order's explicit warning that Plaintiff's failure to respond would result in the dismissal of this action with prejudice pursuant to Federal Rule of Civil Procedure 41(b), Plaintiff has not responded to the Order.

## DISCUSSION

Rule 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d

---

[1] On July 26, 2017, the Clerk of Court sent Plaintiff a copy of Local Rule 5.5 ("Procedures in Social Security Cases").

83, 87 (2d Cir. 1995) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)). Although it is a harsh remedy, the rule is "intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload." *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004).

A district court considering a Rule 41(b) dismissal must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). No single factor is generally dispositive. *Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

Here, the Court warned Plaintiff on two separate occasions that she was not in compliance with the Court's Orders and that her case was subject to dismissal. *See* ECF Nos. 6, 15. Although December 14, 2015 was the initial deadline for service in this case,[2] the Court extended the time for service until August 25, 2017, over one and a half years beyond the original deadline. Although the Court recognizes Plaintiff's interest in receiving a fair chance to be heard, it must also consider the heavy demands of its docket, especially in the Social Security context. This case is nearly three years old, yet it is not fully briefed or ready for the Court to rule on its merits. The Court's February 23, 2018 Order to Show Cause explicitly informed Plaintiff that she was not in compliance with the dispositive motion deadline and that her failure to respond would result in the dismissal of this case. Although the Court has given Plaintiff opportunities to be heard and pursue

---

[2] When Plaintiff filed her Complaint on August 14, 2015, Rule 4(m) directed that service must be completed within 120 days after the complaint is filed. *See* Fed. R. Civ. P. 4(m) (2015).

3

her Social Security appeal, Plaintiff has refused to prosecute this action and to respond to the Court's Orders. Accordingly, the Court finds that dismissal is appropriate.

## CONCLUSION

Because Plaintiff failed to comply with the Court's Orders and has not communicated with the Court to explain or correct the noncompliance despite being warned of the consequences of failing to respond, the Court finds that dismissal is appropriate. Accordingly, this action is DISMISSED WITH PREJUDICE and the Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: April 11, 2018
       Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court